**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BANNON HORNSBY**                                                                 **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:20-CV-00085-GHD-RP**

**CORRECTIONAL OFFICER JOHN WINTERS, individually and in his official capacity;
WARDEN TIMOTHY J. MORRIS, in his official capacity;
NATHAN BURL CAIN, in his official capacity;
MISSISSIPPI DEPARTMENT OF CORRECTIONS; and
JOHN DOES 1-10**                                                **DEFENDANTS**

**OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS**

Presently before the Court are the Defendants' Motion to Dismiss [22] and Motion to Dismiss Second Amended Complaint [39], in response to the Plaintiff's Complaint [1], Amended Complaint [16], and Second Amended Complaint [36] alleging violations of his rights under 42 U.S.C. § 1983 [16 at ¶¶ 18-19] and claiming that the Defendants are liable to the Plaintiff for assault and battery [16 at ¶¶ 20-23], excessive use of force [16 at ¶¶ 24-27, 131], and intentional infliction of emotional distress [16 at ¶¶ 28-31]. For the reasons stated herein, the Defendants' Motions are GRANTED in part and DENIED in part.

**I. Factual and Procedural Background**

The Plaintiff was—at the time of the events alleged in the Complaint, Amended Complaint, and Second Amended Complaint—an inmate housed in Unit 29 of the Mississippi State Penitentiary located in Parchman, Mississippi; he is now an inmate in the South Mississippi Correctional Institution in Leakesville, Mississippi [16 at ¶ 1]. Defendant Correctional Officer John Winters was a correctional officer at the Mississippi State Penitentiary in Parchman, Mississippi, at the time of the events alleged in this proceeding [16 at ¶ 2]. He is believed to be a resident of the State of Mississippi [*Id.*]. Defendant Timothy J. Morris was, at the time of the

events alleged in this proceeding, the Warden of the Mississippi State Penitentiary in Parchman, Mississippi; he is now the Superintendent of the Mississippi State Penitentiary [16 at ¶ 3]. Defendant Nathan Burl Cain is the Commissioner of the Mississippi Department of Corrections [16 at ¶ 4]. Defendant Mississippi Department of Corrections ("MDOC") is a political subdivision of the State of Mississippi [16 at ¶ 5]. Defendants John Does 1-10 are fictional persons standing in for unknown individuals whom the Plaintiff believes may be liable to him; once these individuals' identities are ascertained, they will be substituted accordingly [16 at ¶ 6].

The facts, as alleged by the Plaintiff, are as follows. On or about December 21, 2018, the Plaintiff, having been ordered to return to his cell for lockdown, refused to do so until he was allowed to speak to a commanding officer about the physical condition of his cell and the overall deficiencies of the Penitentiary [16 at ¶ 15]. In particular, the Plaintiff wished to discuss both the fact that he experienced freezing cold conditions in his cell—which lacked heating and proper clothing and blankets, as well as water—and the Penitentiary's physical and mental healthcare options, which he believed to be "shockingly deficient" [*Id.*]. Defendant Winters then grabbed the Plaintiff under his arms, and threw him into his cell, and then onto the floor [*Id.*]. In so doing, Defendant Winters broke the Plaintiff's right arm [*Id.*]. The Plaintiff did not resist or struggle with Defendant Winters, but pled with him about being allowed to speak with a commanding officer about the living conditions in his cell [*Id.*]. The Plaintiff remained in his cell for two days and nights without any medical attention, despite his complaints to MDOC staff [*Id.*].

On or about December 23, 2018, another MDOC officer—identified by the Plaintiff as either Flemming or Flemmings—escorted the Plaintiff to the office of Defendant Morris, who knew that Defendant Winters had broken the Plaintiff's arm [16 at ¶ 6]. Another officer, by the name of Scott, also attended the meeting. Scott repeatedly asked if another inmate had broken the

Plaintiff's arm—to the point of pressuring the Plaintiff on the issue—but the Plaintiff responded by saying that it was Defendant Winters [16 at ¶ 16]. After a lengthy conversation, Defendant Morris ordered that the Plaintiff be taken to the prison hospital, where he was examined by a nurse and given pain medication [16 at ¶ 17]. He was then transported to a hospital in Cleveland, Mississippi, where physicians placed a temporary cast on his right elbow [*Id.*]. The Plaintiff was then transported back to the prison hospital, where he was held for five days before being transferred back to a holding cell in Unit 29 [*Id.*]. There he remained for twelve days without the opportunity to bathe or shower [*Id.*]. He was then transferred back to the A Zone in Unit 29's B Building, where he remained for approximately a week before being transferred to the Central Mississippi Correctional Facility in Rankin County, Mississippi [*Id.*]. There he remained for five days before being transferred to a hospital in Vicksburg, Mississippi, where he was examined by a doctor named Porter [*Id.*]. The Plaintiff was advised that he was suffering from internal bleeding in his right elbow, and Dr. Porter subsequently operated on the Plaintiff [*Id.*]. A figure-eight device and two pins were inserted into the Plaintiff's right elbow, and he was held for observation in the hospital for two days [*Id.*]. He was then transported back to the Central Mississippi Correctional Facility in Rankin County, where he remained for three days before being transferred to the Mississippi State Penitentiary in Parchman [*Id.*]. Due to his injury, the Plaintiff continues to suffer from severe pain and lacks the full use of his right arm [*Id.*].

On May 21, 2020, the Plaintiff, acting in a *pro se* capacity, filed his Complaint against Defendant Winters [1]. In it, he stated that, in an attempt to exhaust his administrative remedies at an institutional level, he filed an internal grievance complaint on January 15, 2019, pursuant to Defendant MDOC's policies [*Id.* at 3]. He further stated that this grievance complaint went unanswered by Defendant MDOC's grievance board [*Id.*]. Also on May 21, 2020, the Plaintiff

filed his Motion to Proceed *In Forma Pauperis* [2]. The Court granted this Motion on August 25, 2020 [8]. On February 24, 2021, the Court ordered the Clerk of the Court to issue process for Defendants Winters, Morris, Cain, and MDOC [17]. On February 26, the Court issued its Summons to Defendants Winters, Morris, Cain, and MDOC [18]. Service as to Defendant Winters was made at the Mississippi State Penitentiary [*Id.*]. Process receipts and returns from the Defendants were received by the Court on March 18, 2021 [19].

On February 24, 2021, the Plaintiff, then aided by counsel, filed his Amended Complaint [16]. On March 29, 2021, Defendants MDOC, Cain, Morris, and Winters filed their Motion to Dismiss [22] and corresponding Memorandum in Support [23], citing Rules 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure and the Eleventh Amendment. They argue that the claims against Defendants MDOC, Cain, Morris, and Winters in their official capacities should be dismissed because they are entitled to sovereign immunity [23 at 2-6]. They also argue that the claims against Defendant Winters in his individual capacity should be dismissed because the Plaintiff failed to properly serve Defendant Winters [23 at 6].

On May 10, 2021, the Plaintiff filed his unopposed Motion for Leave to File a Second Amended Complaint in which he would substitute the name "Correctional Officer John Winters" for the less specific "Correctional Officer Winters" name used in his initial Complaint [31]. The Court granted this Motion on May 12, 2021 [35], and the Plaintiff subsequently filed his Second Amended Complaint on that same day [36].

Also on May 10, 2021, the Plaintiff filed his Response to the Defendants' Motion to Dismiss [33]. In it, the Plaintiff acknowledged that the Eleventh Amendment granted sovereign immunity to the Defendants in their official capacities, and that this immunity was not waived by the Mississippi Tort Claims Act [33 at ¶ 1]. He further conceded that his prayer for equitable relief

4

was moot in light of his transferal to a different prison facility [*Id.*]. However, the Plaintiff requested that the Court deny the Defendants' Motion to Dismiss with respect to Defendant Winters in his individual capacity, arguing that service of process was completed by the Court Clerk and that following the granting of his Motion for Leave to File a Second Amended Complaint, subsequent issuance of Summons on Defendant Winters and service or waiver would "remedy any alleged deficiency in service" [*Id.* at ¶¶ 2-5]. Although the Court granted the Plaintiff's Motion, there was no subsequent issuance of Summons on Defendant Winters and thus no service as to this Defendant in his individual capacity.

On June 11, 2021, Defendants MDOC, Cain, Morris, and Winters filed their Motion to Dismiss the Second Amended Complaint [39] and its corresponding Memorandum in Support [40]. In these documents, the Defendants reiterated the arguments that they made in their first Motion to Dismiss [22] and its corresponding Memorandum in Support [23]. The Plaintiff did not file a separate Response to this second Motion to Dismiss. The matter is now ready for review.

## II.  Legal Standards

### A. Service of Process and Rule 12(b)(5)

The Federal Rules of Civil Procedure dictate that an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Alternatively, an individual may be served by doing any of the following: delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

5

Insufficient service of process is a valid defense and grounds for dismissal. Fed. R. Civ. P. 12(b)(5). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even in the absence of a showing of good cause, a district court has the discretion to extend time for service. *Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). Such a course of action may be warranted "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note (1993). "The district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* (citing *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596 (7th Cir. 1989)). "It is true that service of process by *pro se*, IFP (*in forma pauperis*) litigants is governed by '[s]pecial,' or more lenient, rules." *Holly v. Metropolitan Transit Authority*, 213 Fed. Appx. 343, 344 (5th Cir. 2007).

### III. Analysis and Application

The Plaintiff has conceded his claims against Defendants MDOC, Morris, Cain, and Winters in their official capacities [33 at 1-2], and so the Defendants' Motion to Dismiss will be granted as to these claims. Similarly, the Plaintiff has failed to identify any of the John Doe Defendants, leaving Defendant Winters in his individual capacity as the only viable defendant. Thus, the only issue *sub judice* relates to effective service of process for Defendant Winters in his individual capacity.

The Court notes that it maintains discretionary power in this area. *Newby*, 284 Fed. Appx. at 149. Likewise, the Court recognizes that a more lenient approach is typically warranted vis-a-vis IFP litigants' service of process efforts. *Holly*, 213 Fed. Appx. 343, 344 (5th Cir. 2007). Where, as here, the Court has issued a Process Order [17], some confusion may arise in the minds of the parties as to service of process. Thus, the Court—using the discretionary power afforded it in this area—will iron out any wrinkles that have unfortunately hampered this proceeding. It will do so by ordering Defendant Winters to provide the Court with his home address or the address of his authorized agent. Once this is done, the Clerk of the Court is ordered to issue process to Defendant Winters at this address, and the United States Marshal Service will serve process to the Defendant. The Court finds that this decision would not prejudice Defendant Winters—who is already aware of the claims against him, as evidenced by his jointly filed Motion to Dismiss Second Amended Complaint, in which it is stated that he "has appeared in limited capacity as to his individual claims to contest sufficiency of service of process" [39 at ¶ 4].

## IV.     Conclusion

For the above-stated reasons and in light of the Plaintiff's concessions in his Response to the Defendants' Motion to Dismiss [33 at ¶ 1], the Court finds that the Defendants' Motion to Dismiss [22] and Motion to Dismiss Second Amended Complaint [39] are DENIED with respect to the claims against Defendant Winters in his individual capacity and GRANTED in all other respects. To resolve Defendant Winters' qualms regarding the sufficiency of service of process, he shall provide his home address or the address of his authorized agent. The Clerk of the Court shall subsequently issue process for him, and the United States Marshal Service will then serve process upon him, in line with the Process Order issued by this Court on February 24, 2021 [17].

An order in accordance with this opinion shall issue this day.

THIS, the __17th__ day of March, 2022.

                                                                        _/s/ Glen H. Davidson_
                                                                         SENIOR U.S. DISTRICT JUDGE