IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BANNON HORNSBY                                                          PLAINTIFF

V.                                                          NO: 4:20CV85-GHD-RP

CORRECTIONAL OFFICER JOHN                                              DEFENDANTS
WINTERS, et al

## MEMORANDUM OPINION

Presently before the Court is Defendant John Winters' Motion for Summary Judgment. [60]. Plaintiff Hornsby has not responded in opposition to this motion. Upon due consideration, for the reasons set forth herein, the Court hereby grants Defendant John Winters' Motion for Summary Judgment. [60]

### Factual Background

The Plaintiff, at the time of the events alleged in the complaint, was an inmate in custody of the Mississippi Department of Corrections at the Mississippi State Penitentiary ("MSP") located in Parchman, Mississippi. Defendant John Winters was a correctional officer at MSP at the time of the events alleged in this matter.

Plaintiff alleges that Defendant Winters, on or around December 23, 2018, utilized excessive force by grabbing him under his arms and physically throwing him onto the ground, causing his right arm to be broken. Plaintiff Hornsby alleges that Defendant Winters used this described excessive force after Hornsby refused to return to his cell for lockdown as he wanted to speak to someone about the conditions of his cell and the prison overall. Hornsby alleges that he remained in his cell for two days and two nights without any medical attention after his arm was broken. Hornsby's elbow later required surgery, and once the surgery was completed, Hornsby

1

was returned to MSP. Plaintiff Hornsby alleges that he continues to suffer from severe pain and lacks the full use of his right arm.

Plaintiff has conceded his claims against Defendants Mississippi Department of Corrections, Timothy Morris, Nathan Cain, and Winters in their official capacity, and Tyler was previously terminated as a party. This leaves remaining only Plaintiff's 42 U.S.C. § 1983 claim against Winters in his individual capacity. Defendant Winters has moved for summary judgment on the grounds that Plaintiff Hornsby failed to exhaust the available administrative remedies as required by the Prison Litigation Reform Act ("PLRA").

**Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Discussion

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." To determine what remedies are "available" and thus must be exhausted, the Court looks to "the applicable procedural rules ... defined ... by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). (internal quotation marks omitted). Because § 1997e "requires that administrative remedies be exhausted before the filing of a § 1983 suit," the relevant rules are those that governed MDOC's grievance process at the time prior to the filing of Hornsby's suit. *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir.1998). This circuit has taken a "strict" approach to § 1997e's exhaustion requirement, under which prisoners must not just

3

substantially comply with the prison's grievance procedures, but instead must "exhaust available remedies properly." *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir.2010).

MDOC's grievance process is called the Administrative Remedy Program ("ARP") where an offender may seek formal review of a complaint grievance relating to any aspect of their incarceration. The ARP is a two-step process beginning with a request for solutions to concerns made to the ARP in writing within thirty (30) days after an incident has occurred. The first step begins when a prison official responds to the request with an ARP-2 Form, and with the ARP-2 Form, the inmate must give a reason for their dissatisfaction with the provided response. A prison official again responds to the ARP-2 Form, and if the inmate remains unsatisfied with the result, a lawsuit may then be filed. The ARP also provides that if the original request is rejected for technical or matters of form, the inmate shall have five days from the date of rejection to file his/her corrected grievance. Further, the ARP states that if a complaint is filed directly with the ARP director, the director will either accept it and respond or, in the alternative, instruct the innate to submit the request through the regular channels within five days of the rejection.

The only evidence before this Court shows that Plaintiff Hornsby failed to properly follow the ARP, thus he did exhaust the available administrative remedies prior to filing suit as required by the PLRA. The exhibits attached to the present Motion illustrate this through a sworn affidavit of Richard Pennington, Director of the Administrative Remedy Program. Pennington's sworn affidavit states that Hornsby did file a Commissioner's correspondence through the Commissioner's office concerning conflicts with inmates and staff, however, the ARP did not receive any further grievances. Plaintiff Hornsby's letter concerning these issues was received on April 18, 2018, and a responding letter from Director Pennington instructed Plaintiff to submit the issues within five (5) days through the regular channels to the ARP.

4

There is no evidence presented that Plaintiff Hornsby entered or completed even the first step of the ARP before filing suit. Instead, the only evidence presented to his Court demonstrates the opposite, that Plaintiff has failed to complete, or even submit the grievance through the ARP available to him, and thus, Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a).

## Conclusion

For the reasons stated above, the Court finds that Defendant John Winters' Motion for Summary Judgment [60] shall be granted and the Plaintiff's claims against him dismissed.

An order in accordance with this opinion shall issue this day.

THIS, the 9th day of May, 2023.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE